**Gary L. McKINNEY, Appellant,**

v.

**Richard L. WILSON, and Wilson, Bonnett & Christensen, Appellees.**

No. 64818.

Supreme Court of Iowa.

Jan. 12, 1981.

Rehearing Denied Feb. 17, 1981.

James R. Cook of Stevens & Cook Law Firm, P. C., Des Moines, for appellant.

Philip E. Stoffregen and Steven J. Dickinson of Belin, Harris, Helmick & Heartney, Des Moines, for appellees.

PER CURIAM.

This matter is before the court upon appellees' motion to dismiss appeal filed pursuant to Iowa R.App.P. 19 on grounds of appellant's failure to comply with appellate

rules, appellant's resistance to the motion, and appellees' reply to resistance. We conclude that said motion should be sustained.

The docket and file of the clerk of this court reveal the following chronology of pertinent times and actions:

1. Notice of appeal was filed on March 12, 1980.

2. Under Iowa R.App.P. 12(a), appellant had forty days following filing of the notice of appeal within which to pay the docket fee, i.e., until April 21, 1980.

3. On May 12, 1980, the clerk of this court sent a notice of default to appellant for failure to pay the docket fee within the time specified by rule 12(a). The docket fee was received by the clerk on May 16, 1980, without excuse being offered by appellant for this delinquency. The appeal was docketed that same day, twenty-five days later than required by our rule.

4. Under Iowa R.App.P. 15(b), 15(c), and 15(f), respectively, appellant had fourteen days from the date of docketing to file a memorandum of agreement on the contents of the appendix or a designation of parts of the record to be included in the appendix and a statement of the issues, or ten days to file a notice of election to defer the appendix, or fourteen days to file an agreed statement of the case. Fourteen days expired without any action on appellant's part.

5. On June 11, 1980, the clerk of this court sent a notice of default to appellant for failure to comply with rule 15(b), 15(c), or 15(f).

6. On June 24, 1980, appellant's election to defer the appendix was filed; this action was twenty-nine days delinquent. *See* Iowa R.App.P. 15(c).

7. Acting upon appellant's application, Deputy Clerk Karen S. Ruppert, pursuant to Iowa R.App.P. 22(h), on July 9, 1980, entered an order providing that times which are normally computed from the date of docketing would instead be computed from July 15, 1980.

8. The time for filing appellant's brief as specified by Iowa R.App.P. 13(a), in this case computed from July 15, 1980, expired September 3, 1980, without either the brief being filed or an application for enlargement of the time for filing the brief. *See* Iowa R.App.P. 20.

9. On September 12, 1980, the clerk of this court sent a notice of default to appellant for failure to file and serve his brief.

10. On September 16, 1980, appellant's application for an additional thirty days to file his brief was received and filed in the office of the clerk of this court.

11. On September 19, 1980, Deputy Clerk Karen S. Ruppert entered an order granting appellant until October 10, 1980, to file and serve his brief.

12. On October 9, 1980, appellant filed an application for additional time to file his brief until October 20, 1980.

13. On October 13, 1980, appellees filed a motion to dismiss this appeal pursuant to Iowa R.App.P. 19 on grounds of appellant's failure to timely prosecute the appeal to the detriment of appellees.

14. On October 20, 1980, appellant filed his brief in initial form and a designation of the parts of the record to be included in the appendix. *See* Iowa R.App.P. 15(c).

15. On October 23, 1980, appellant filed a resistance to appellees' motion to dismiss and also an application for leave to file a brief in excess of fifty pages.

16. On October 27, 1980, this court, by Justice Uhlenhopp, entered an order stating, *inter alia*, that:

> The delay in this appeal has been entirely too long, and a substantial part of it is attributable to appellant's attorney. Evidently appellant's attorney must refrain from taking on so much work or must obtain more legal assistance. Nonetheless, the court is reluctant to punish appellant himself, *but further delays will meet with sanctions.* Appellees have a right to have this litigation processed promptly. (Emphasis added.)

That order noted that appellant's application for additional time to file his brief was moot; it granted appellant's application to

file an overlength brief; it also denied appellees' motion to dismiss this appeal.

17. On November 21, 1980, appellees served and filed their brief in initial form, a designation of additional parts of the record and an application to file a brief in excess of fifty pages. The application to file an overlength brief was granted by order of November 26, 1980.

18. Under Iowa R.App.P. 15(c) appellant had twenty-one days from the service of appellees' brief within which to file the appendix in this appeal, i. e., until December 12, 1980. The appendix was not filed when due.

19. On December 17, 1980, appellees filed the motion to dismiss which is the subject of this opinion. Appellant's resistance was filed December 22, 1980, and appellees' reply to this resistance was filed December 24, 1980.

It can be seen from the foregoing that appellant has been in default at almost every step of this appeal as well as being the cause for considerable delay in its prosecution. Appellant seeks to excuse his defalcations because of (1) court reporter delay until July 9, 1980, in delivering a trial transcript and (2) the press of other legal business. We agree that the court reporter delay is not attributable to appellant. Yet from the outset of this appeal appellant simply ignored the initial docketing requirement and also the rule 15 requirements with respect to determining the contents of the appendix, rather than applying to this court for the additional time necessary for the court reporter to complete a transcript. In subsequent applications for additional time to file the brief and in his resistances to appellees' motions to dismiss to this appeal, he has presented elaborate explanations of the volume of other legal work he has performed and the commitments to other courts he has kept.

Appellant has demonstrated a flagrant and willful disregard for the rules of appellate procedure and orders of this court. We have already noted the numerous rules violations. The orders disregarded are this court's May 22, 1980, general order and notice to the members of the Iowa bar in the matter of dilatory prosecutions of appeals and the order of Justice Uhlenhopp of October 27, 1980, a portion of which is set forth above. The May 22 general order warned, in part:

This court expects all lawyers to timely comply with the Iowa Rules of Appellate Procedure in all actions pending in this court. A default notice pursuant to Iowa R.App.P. 19 should be a very rare occurrence. A default notice is not an extension of time. An appeal may be dismissed on motion if an appellant is a single day late in complying with an appellate rule, whether or not notice of default has been given. See Iowa R.App.P. 19 . . . .

Unreasonable delay in the prosecution of appeals requires the time and attention of court members with various motions. This time and attention should be devoted to the merits of the appeals.

Canon 6 of the Iowa Code of Professional Responsibility for Lawyers provides, "A Lawyer Should Represent a Client Competently." Iowa Code of Professional Responsibility for Lawyers DR 6–101(A) provides, in part, "A lawyer shall not: . . . (3) Neglect a legal matter entrusted to him."

. . .

All lawyers practicing before this court are hereby notified that henceforth dilatory prosecution of appeals will not be tolerated . . . .

Finally, Justice Uhlenhopp's order of October 27 in this appeal declared that "further delays will meet with sanctions."

Appellant's disregard of rules and orders is flagrant in that it is repeated in the face of our rules and orders referred to, with knowledge of their existence. The reasons proffered by appellant to excuse those violations, volume of legal work and commitments to other courts, clearly demonstrate that his disregard is willful. Given the choice of attending to the prosecution of this appeal, either through personal handling or by delegation of the task to anoth-

er, or attending to other matters and ignoring our rules and orders, appellant has chosen the latter. This is not acceptable to us nor is it fair to the other parties to this appeal. As declared in our general order of May 22, 1980, "[this court] has a duty to the public to require prompt compliance with the rules [of appellate procedure] so that litigation may be finally terminated without unnecessary delay."

Appellees' motion to dismiss filed herein December 17, 1980, is sustained and this appeal is hereby dismissed.

This opinion shall be published in the North Western Reporter and may be cited as authority.

MOTION TO DISMISS SUSTAINED; APPEAL DISMISSED.

All justices concur except REYNOLDSON, C. J., who takes no part.